JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

12-2390 MEJ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
V2 Home Entertainment, Inc., a California Corporation doing business as TaiSeng Entertainment

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tel: (650) 871-8119 ext 300
Law Offices of Mason M. Tse, Esq.
120 South Spruce Avenue, Suite 200
South San Francisco, CA 94080

**DEFENDANTS**

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17 U.S.C. 5101 et Seq.
Brief description of cause:
Copyright Infringement

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)* ☐ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 05/09/2012

SIGNATURE OF ATTORNEY OF RECORD

1  MASON M. TSE., ESQ., # 199301
   LAW OFFICES OF MASON M. TSE, ESQ.
2  170 SOUTH SPRUCE AVENUE, SUITE 200
   South San Francisco, CA 94080
3  Telephone: (650) 871-8118, ext. 300
4  Facsimile: (650) 871-2887
   Email: masontse@taiseng.com
5
6  Attorney for Plaintiff U2 HOME ENTERTAINMENT, INC.,
   a California corporation doing business as
7  TAI SENG ENTERTAINMENT

8                                                                    **MEJ**

                        **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                        **CV  12  2390**
11

12 U2 HOME ENTERTAINMENT, INC., a California )   Case No.:
   Corporation doing business as TAI SENG    )
13 ENTERTAINMENT,                             )   **VERIFIED COMPLAINT FOR**
                                              )   **INJUNCTIVE RELIEF AND DAMAGES –**
14            Plaintiff,                       )   **(1) COPYRIGHT INFRINGEMENT; (2)**
                                              )   **INDUCEMENT OF COPYRIGHT**
15       vs.                                   )   **INFRINGEMENT; AND (3) BREACH OF**
                                              )   **CONTRACT**
16 DYNASTY MEDIA GROUP, INC., a California    )
17 Corporation, and NEW TANG DYNASTY         )   **DEMAND FOR JURY TRIAL**
   TELEVISION, an entity of unknown form; and )
18 DOES 1 through 100, inclusive,             )
                                              )
19            Defendants.                      )
                                              )
20                                            )
                                              )
21                                            )
                                              )
22                                            )
                                              )
23 _____)

24       COMES NOW Plaintiff U2 HOME ENTERTAINMENT, INC., a California corporation, doing

25 business as TAI SENG ENTERTAINMENT, by its attorney MASON M. TSE, ESQ., and for its

26 Complaint against Defendants alleges as follows:

27                        **JURISDICTION AND VENUE**

28       1.      This Court has jurisdiction over this matter. This action arises under the copyright laws

                                              1

1  of the United States, 17 U.S.C. §101 *et seq*., under the Lanham Act at 15 U.S.C. §1125(a) *et seq*. and
2  under the common law. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 1337, 1338 and
3  15 U.S.C. § 1121 *et seq*.

4      2.      Venue is proper in this district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(a)
5  because Defendants solicit and do business in this District and Defendants' unlawful activities, as
6  alleged herein, were committed, or had a substantial impact in the Northern District of California where
7  Plaintiff resides and does business.

8      3.      This Court has personal jurisdiction over Defendants because Defendants purposefully
9  availed themselves of the privilege of acting or causing consequences in the Northern District of
10  California. The infringement arises from Defendants' activities in the Northern District of California
11  and the acts and the consequences caused by Defendants have a substantial enough connection with the
12  Northern District of California to make the exercise of jurisdiction over them reasonable. Defendants
13  are located in this District and did the acts alleged in this District. Plaintiff is informed and believes
14  that this case is properly filed in the Northern Division because Defendants engaged in business by
15  entering into contracts in South San Francisco, California.

16                                          **THE PLAINTIFF**

17      4.      Plaintiff U2 HOME ENTERTAINMENT, INC., a California corporation ("Plaintiff" or
18  "U2") is, and was at all times material hereto, a corporation organized under the laws of the State of
19  California, with its principal place of business located at 170 South Spruce Avenue, Suite 200, South
20  San Francisco, California 94080, and engaged in the business of, *inter alia*, importing, manufacturing
21  and distributing audio-visual programming in the Chinese language (Cantonese and Mandarin), and
22  other languages, in the form of DVDs, Blu-ray Discs, VCDs, IPTV, television broadcast, cable, and
23  satellite. U2 does business under the fictitious business name TAI SENG ENTERTAINMENT ("TAI
24  SENG").

25      5.      Hereafter, U2 and TAI SENG, when not referred to specifically and individually, shall
26  be referred to collectively as "Plaintiff."

27                                          **THE DEFENDANTS**

28      6.      Plaintiff is informed and believes and on that basis alleges that Defendant DYNASTY

---

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES – COPYRIGHT INFRINGEMENT, INDUCEMENT OF COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT

1 MEDIA GROUP, INC. is a California corporation ("DYNASTY MEDIA") is, and was at all times
2 material hereto, a corporation organized under the laws of the State of California, with its principal
3 place of business located at 5840 Nagle Avenue, Van Nuys, CA. On information and belief,
4 DYNASTY MEDIA is engaged in the business of acquiring licenses for programming and relicensing
5 that programming.

6       7.      Plaintiff is informed and believes and on that basis alleges that Defendant NEW TANG
7 DYNASTY TELEVISION is a corporation of unknown origin, doing business in California
8 ("NTDTV" or "NTD"). On information and belief, NTDTV does business as "NTD Television" and as
9 "NTDTV." On information and belief, NTDTV operates a television station called "NDTV." The
10 NTDTV website located at <http://www.ntdtv.com> states a principal place of business as 229 W. 28th
11 Street, Suite 700, New York, NY 10001. On information and belief, NTDTV is a broadcasting
12 company serving "more than 100 million potential viewers in China and around the world." According
13 to the NTDTV website, "NTD promotes traditional Chinese arts and culture through a wide variety of
14 TV shows and events."

15       8.      Plaintiff is informed and believes and, on that basis, alleges that various persons and
16 entities, whose names are presently unknown to Plaintiff, participated in and are liable for the wrongful
17 acts set forth herein. Those persons and entities are named herein as DOES 1 through 100, inclusive.
18 Plaintiff will seek leave of court to amend the Complaint to add such persons and entities as Defendants
19 and to allege the exact nature of their wrongful conduct when such information has been ascertained.
20 Plaintiff is informed and believes and thereupon alleges that such unknown persons and entities are
21 engaged, *inter alia*, in the illegal and unauthorized distribution, promotion and exploitation of the
22 copyrighted audio-visual programming which is the subject of this action.

23       9.      Plaintiff is informed and believes and, on that basis, alleges that, in connection with the
24 acts set forth herein, each of the Defendants acted willingly, intentionally, and knowingly, both for
25 himself, herself, or itself, and in concert with certain other Defendants, and that certain of the
26 Defendants acted as an agents for each other Defendants, and were at all times acting within the course
27 and scope of such agency, with the consent, authorization and/or ratification of the other Defendants,
28 and in furtherance of a common scheme to infringe the copyrights, trademarks and other valuable rights

1   of Plaintiff.

2        10.    Plaintiff is informed and believes and on that basis alleges that certain of the Defendants
3   are the alter ego of other Defendants as follows:

4         a.    Plaintiff is informed and believes and thereon alleges that Defendant DYNASTY
5   MEDIA and an as yet undetermined number of the other Defendants and Doe Defendants, and each of
6   them, wholly own and control each other, that said individual Defendants are the sole stockholders,
7   officers, and directors of Defendant business entity, that Defendant business entity is so controlled by
8   said individual Defendants that the monies of Defendant business entity and of the individual
9   Defendants are commingled and intermingled; that there is a unity of ownership and interest between
10   them; that the credit of one is used for the credit of the other; that the obligations of the individual
11   Defendants are paid by the business entity; that the business entity was formed and capitalized for a
12   sum of money insufficient to meet reasonable requirements of Defendant business entity; that as a
13   result of the foregoing, Defendant business entity is the instrumentality, conduit, adjunct and alter ego
14   of the individual Defendants so as to make said business entity and individuals the instrumentality,
15   conduit, adjunct and alter ego Defendant business entity, and the individual Defendants have managed
16   and controlled said business entity to avoid personal liability and to defraud creditors of the individuals
17   and the business entity and that unless the fiction of the separateness of the individuals from said
18   business entity and from each other is ignored, great injustice will result and fraud will be sanctioned,
19   all to the irreparable damage and injury of Plaintiff, and unless judgment in this action includes said
20   individual Defendants and the corporate Defendant, Plaintiff will be unable to recover and enforce the
21   claims and rights hereinafter referred to.

22         b.    Plaintiff is informed and believes and thereon alleges that Defendant NTDTV
23   and an as yet undetermined number of the other Defendants and Doe Defendants, and each of them,
24   wholly own and control each other, that said individual Defendants are the sole stockholders, officers,
25   and directors of Defendant business entity, that Defendant business entity is so controlled by said
26   individual Defendants that the monies of Defendant business entity and of the individual Defendants
27   are commingled and intermingled; that there is a unity of ownership and interest between them; that the
28   credit of one is used for the credit of the other; that the obligations of the individual Defendants are

1  paid by the business entity; that the business entity was formed and capitalized for a sum of money
2  insufficient to meet reasonable requirements of Defendant business entity; that as a result of the
3  foregoing, Defendant business entity is the instrumentality, conduit, adjunct and alter ego of the
4  individual Defendants so as to make said business entity and individuals the instrumentality, conduit,
5  adjunct and alter ego Defendant business entity, and the individual Defendants have managed and
6  controlled said business entity to avoid personal liability and to defraud creditors of the individuals and
7  the business entity and that unless the fiction of the separateness of the individuals from said business
8  entity and from each other is ignored, great injustice will result and fraud will be sanctioned, all to the
9  irreparable damage and injury of Plaintiff, and unless judgment in this action includes said individual
10 Defendants and the corporate Defendant, Plaintiff will be unable to recover and enforce the claims and
11 rights hereinafter referred to.

12    11.    Hereafter, Defendants DYNASTY MEDIA and NTDTV, when not referred to
13 specifically and individually, shall be referred to collectively as "Defendants."

14                          **PLAINTIFF'S EXCLUSIVE RIGHTS**

15    12.    Attached hereto as Exhibit "A" is a true and correct current list of each of Plaintiff's
16 Exclusive Copyrighted Programs, listing the title, in English, of each program, as well the registration
17 number, if any, for each such program.

18                          TAI SENG's Exclusive Copyrighted Programs

19    13.    Plaintiff U2 is informed and believes and, on that basis, alleges as follows:

20         a.    Plaintiff's Exclusive Copyrighted Programs include motion pictures and
21 television series licensed to U2 doing business as TAI SENG ENTERTAINMENT. These programs
22 are referred to herein as the "TAI SENG Exclusive Copyrighted Programs." The TAI SENG Exclusive
23 Copyrighted Programs contain wholly original material suitable for copyright protection under the laws
24 of the United States, and were created and first published with requisite notice in Hong Kong or other
25 foreign countries.

26         b.    The original authors and copyright owners of the TAI SENG Exclusive
27 Copyrighted Programs were and are corporations organized under the laws of Hong Kong and other
28 countries in Asia, all of which were and are entitled to protection under the Copyright Act by reason of

1    the Berne Convention, the Universal Copyright Convention, or other applicable laws and treaties.

2         c.    By reason of the foregoing, the TAI SENG Exclusive Copyrighted Programs are
3    entitled to protection under the Copyright Act, and an action for infringement of the TAI SENG
4    Exclusive Copyrighted Programs which were first published outside the United States may be
5    maintained without registration, deposit or compliance with other formalities pursuant to Section
6    411(a) of the Copyright Act.

7         d.    Each of the copyright owners of the various TAI SENG Exclusive Copyrighted
8    Programs, and/or their exclusive licensees and sublicensees has granted exclusively to TAI SENG the
9    sole and exclusive right to import, manufacture, reproduce, distribute, sell, rent and otherwise exploit
10   copies of the TAI SENG Exclusive Copyrighted Programs via television broadcast, cable, satellite, and
11   on videocassette, DVD, VCD and other formats in the United States for a term period, and has executed
12   one or more written licenses and/or sublicensees and/or assignments, including licenses for particular
13   titles and "blanket" licenses for the output of particular companies, by which the sole and exclusive
14   right to import, reproduce, distribute, sell and rent copies of the TAI SENG Exclusive Copyrighted
15   Programs on videocassette, DVD, VCD and other formats in the United States has been granted
16   exclusively to TAI SENG.

17        e.    As to various of the TAI SENG Exclusive Copyrighted Programs, TAI SENG or
18   its licensors have complied in all respects with the Copyright Act by, *inter alia*, making all required
19   deposits and payments in support of applications for registration of copyright in and to the TAI SENG
20   Exclusive Copyrighted Programs (as set forth with particularity in Exhibit "A" hereto) and all other
21   laws governing copyright, and TAI SENG has secured and now enjoys the exclusive rights and
22   privileges in and to the copyrights in the TAI SENG Exclusive Copyrighted Programs in the United
23   States. Even though not required as a pre-requisite to suit, as to such audio-visual programming which
24   is the subject of this action TAI SENG has received, or has applied for and is awaiting receipt of,
25   Certificates of Copyright Registration for various of the TAI SENG Exclusive Copyrighted Programs,
26   and, where available, such Certificates are identified with particularity in Exhibit "A" hereto.

27   14.   At all times material hereto, TAI SENG has imported reproduced and/or distributed
28   copies of the TAI SENG Exclusive Copyrighted Programs in the United States in strict compliance

1  with the Copyright Act and all other laws governing copyright, and pursuant to the exclusive licenses
2  and sublicenses as set forth above.

3                              Confidentiality of Licensing Agreements

4      15.    Plaintiff U2 alleges that the contents of the foregoing assignments, licenses, sublicenses
5  and other agreements, except such portions as may be recorded in the United States Copyright Office,
6  are confidential and proprietary, and thus are privileged as trade secrets or other confidential
7  commercial information and are subject to protection under Rule 26(c) of the Federal Rules of Civil
8  Procedure.

9                         FACTUAL BACKGROUND COMMON TO ALL CLAIMS

10     16.    Because each of Plaintiff's Exclusive Copyrighted Programs were produced outside of
11 the United States, no registration is necessary in order to maintain this action. However, as noted in
12 Exhibit "A," for the sake of good order, each of Plaintiff's Exclusive Copyrighted Programs has, in
13 fact, been registered or is awaiting registration.

14     17.    Each of Plaintiff's Exclusive Copyrighted Programs listed on Exhibit "A" contains
15 material that is copyrightable subject matter under the laws of the United States.

16     18.    On or about March 8, 2012, Plaintiff entered into a License Agreement with DYNASTY
17 MEDIA acquired the right to distribute Fox Volant of the Snowy Mountain, Episodes 1 through 40,
18 inclusive, on the television station NDTV, operated by NTDTV from April 1, 2012 through September
19 30, 2012 and to distribute Justice Bao, Episodes 1 through 40, inclusive, on the television station
20 NDTV, operated by NTDTV from May 1, 2012 through October 30, 2012. A true and correct copy of
21 the License Agreement is attached hereto as Exhibit "B".

22     19.    The License Agreement required NTDTV to limit the broadcast of the Programs within
23 the United States.

24     20.    The License Agreement contained a provision stating that Plaintiff may, in its absolute
25 discretion, withdraw any Program if Plaintiff determines that "the broadcasting thereof would or might
26 (i) infringe upon the rights of others... ."

27     21.    After Defendant NTDTV started broadcasting Fox Volant of the Snowy Mountain on its
28 television station, Plaintiff received a notification from a third party that its license to NTDTV

7

1  infringed upon the third party's copyrights and ordered that Plaintiff cease licensing Fox Volant of the
2  Snowy Mountains to NTDTV.

3      22.    Plaintiff is informed and believes that the third party directly notified NTDTV of its
4  copyright infringement and ordered that it cease and desist from continuing broadcasting Fox Volant of
5  the Snowy Mountain.

6      23.    Upon learning of Defendants' infringement, Plaintiff's counsel corresponded with
7  Defendants insisting that the infringing versions of Plaintiff's Exclusive Copyrighted Programs be
8  immediately removed from Defendants' broadcast. Plaintiff has notified DYNASTY MEDIA and
9  NTDTV that its broadcast of Fox Volant of the Snowy Mountain infringes upon the rights of a third
10  party and that Plaintiff elected to withdraw Fox Volant of the Snowy Mountain from the License
11  Agreement and that Plaintiff would replace that title.

12      24.    After learning that Plaintiff had licensed Fox Volant of the Snowy Mountain to
13  Defendants and that Defendants have infringed upon the producers' copyrights by broadcasting it, the
14  producer of Fox Volant of the Snowy Mountain, who is also the producer of Justice Bao, revoked
15  Plaintiff's contract to distribute Justice Bao.

16      25.    Plaintiff has notified Defendants that the broadcast of Justice Bao would infringe upon
17  the rights of a third party and that Plaintiff elected to withdraw Justice Bao from the License
18  Agreement and that it would replace that title as well.

19      26.    Defendants have refused to cease its distribution of Fox Volant of the Snowy Mountain
20  and Justice Bao.

21      27.    Defendants are liable under the Copyright Act for inducing the infringing acts of the
22  television stations broadcasting Fox Volant of the Snowy Mountain and Justice Bao.

23      28.    The producers of Fox Volant of the Snowy Mountain and Justice Bao have threatened
24  litigation against Tai Seng for copyright infringement if Defendants continue broadcasting Fox Volant
25  of the Snowy Mountain.

26                                    **ATTORNEYS' FEES**

27      29.    By reason of the wrongful acts of Defendants, Plaintiff has been forced to retain counsel
28  to prosecute the present action. As a result, Plaintiff will incur attorneys' fees and litigation costs in an

1  amount yet to be fully ascertained, but which is reasonably expected to exceed Two Hundred and Fifty
2  Thousand Dollars ($250,000.00). Plaintiff will seek to amend this Complaint to set forth the full
3  amount upon ascertainment of same.

4  **FIRST CLAIM FOR RELIEF**

5  [Copyright Infringement -- Against All Defendants and DOES 1-100

6  (Copyright Act -- 17 U.S.C. Section 101, *et seq.*)]

7  30.    Plaintiff repeats, realleges and incorporates by this reference, as though set forth in full,
8  paragraphs 1 through 29 above.

9  31.    Pursuant to Section 102(d) of the Digital Millennium Copyright Act of 1998 ("DMCA")
10  which amended section 411(a) of the Copyright Act, Plaintiff is not required to register the programs
11  that are the subject of this cause of action because they are foreign works. Foreign works need not be
12  registered with the Copyright Office before filing a lawsuit for copyright infringement. However, in
13  Plaintiff's business, they regularly submit all copyrights for registration in the United States.

14  32.    Plaintiff is informed and believes and thereon alleges that starting from time to time
15  within the past year, Defendants, and each of them, have infringed the copyrights in and to Fox Volant
16  of the Snowy Mountain by distributing it via NTDTV's cable system.

17  33.    Plaintiff is informed and believes and therefore alleges upon such information and belief
18  that NTDTV has not limited its broadcast of Fox Volant of the Snowy Mountain to the United States
19  but has instead broadcast it worldwide via its extensive distribution channels.

20  34.    All of the foregoing acts of Defendants were and are without the authority of the
21  copyright owners of the Plaintiff's Exclusive Copyrighted Programs, and in direct violation of the
22  License Agreement between Plaintiff and Defendants.

23  35.    Defendants' actions and refusals to act have made Plaintiff potentially liable to third
24  parties for copyright infringement.

25  36.    By reason of the foregoing, Plaintiff has sustained and will continue to sustain,
26  substantial and irreparable injury, loss and damage to its copyrights and other ownership rights in the
27  Plaintiff's Exclusive Copyrighted Programs.

28  37.    Plaintiff has also sustained, and will continue to sustain, substantial damage due to

9

1 Defendants' continued broadcast of Fox Volant of the Snowy Mountain and Defendants' intention to
2 broadcast Justice Bao.

3     38.    Defendants threaten to continue to act as alleged above, and unless restrained and
4 enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation
5 which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain. The
6 wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial
7 proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to
8 preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged
9 above.

10     39.    Notwithstanding the foregoing, as the direct and proximate result of the wrongful acts of
11 Defendants, Plaintiff has sustained actual damages in an amount according to proof at trial, which is
12 presently believed to exceed One Million Dollars ($1,000,000.00) or more. Alternatively, Plaintiff may
13 seek statutory damages for copyright infringement as provided by law.

14     40.    Plaintiff will seek leave of Court to amend this Complaint when the full nature and
15 extent of such monetary damages is ascertained.

16     41.    Furthermore, in acting as alleged above, Defendants acted willfully and therefore
17 Plaintiff is entitled to additional damages in the form of punitive damages, by way of example and to
18 punish Defendants, for willful copyright infringement and in the event Plaintiff seeks statutory
19 damages, this Court should award the amount of One Hundred and Fifty Thousand Dollars
20 ($150,000.00) for each act of infringement, or otherwise, according to proof.

21     42.    WHEREFORE, Plaintiff prays for relief as set forth below.

22 **SECOND CLAIM FOR RELIEF**

23     [Inducement of Copyright Infringement -- Against All Defendants and DOES 1-100]

24     43.    Plaintiff hereby repeats and realleges the previous paragraphs 1 through 42 as though
25 fully set forth herein.

26     44.    On information and belief, the various channel operators that distribute NTDTV's
27 channel have infringed and are infringing upon Fox Volant of the Snowy Mountain by, *inter alia*,
28 distributing it without the copyright holder's authorization. These channel operators are directly

1  infringing the rights in and to Fox Volant of the Snowy Mountain and the owners of those rights have
2  threatened litigation against Plaintiff.

3      45.     On information and belief, Defendants are liable under the Copyright Act for inducing
4  the infringing acts of the channel operators.

5      46.     On information and belief, Defendants are fully aware that the rights to Fox Volant of
6  the Snowy Mountain and Justice Bao are copyrighted. On information and belief, Defendants are also
7  aware that by distributing those two titles on its various distribution channels through multiple
8  television stations, those stations are unlawfully reproducing, distributing and publicly displaying Fox
9  Volant of the Snowy Mountain and Justice Bao. On information and belief, the Defendants intend,
10 encourage and the television stations that distribute NTDTV's channel to use Fox Volant of the Snowy
11 Mountain and Justice Bao in contravention of the owners of its copyrights in this fashion, making
12 Plaintiff liable to the producers of those two titles for copyright infringement.

13     47.     The Defendants' aforesaid acts of infringement are willful, intentional, and purposeful
14 and in disregard to the exclusive rights of Plaintiff.

15     48.     Defendants threaten to continue to act as alleged above, and unless restrained and
16 enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation
17 which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain. The
18 wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial
19 proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to
20 preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged
21 above.

22     49.     Notwithstanding the foregoing, as the direct and proximate result of the willful wrongful
23 acts of Defendants, Plaintiff has sustained actual damages in an amount according to proof at trial,
24 which is presently believed to exceed One Million Dollars ($1,000,000.00) or more. Alternatively,
25 Plaintiff may seek statutory damages for willful copyright infringement as provided by law.

26     50.     Plaintiff will seek leave of Court to amend this Complaint when the full nature and
27 extent of such monetary damages is ascertained.

28     51.     Furthermore, in acting as alleged above, Defendants acted willfully and therefore

1 | Plaintiff is entitled to additional damages in the form of punitive damages, by way of example and to

2 | punish Defendants, for willful copyright infringement and in the event Plaintiff seeks statutory

3 | damages, this Court should award the amount of One Hundred and Fifty Thousand Dollars

4 | ($150,000.00) for each act of infringement, or otherwise.

5 |      52.    Furthermore, Plaintiff is entitled to its costs, including reasonable attorneys' fees,

6 | pursuant to 17 U.S.C. § 505.

7 |      WHEREFORE, Plaintiff prays for relief as set forth below.

8 | **THIRD CLAIM FOR RELIEF**

9 | [Breach of Contract against Defendants and DOES 1-100]

10 |      53.    Plaintiff repeats, realleges and incorporates by this reference, as though set forth in full,

11 | paragraphs 1 through 52 above.

12 |      54.    Plaintiff has complied with all material terms of the License Agreement.

13 |      55.    Defendants' conduct, as set forth above, in distributing the infringing copies of Fox

14 | Volant of the Snowy Mountain and Justice Bao after Plaintiff elected to withdraw those two titles, is a

15 | material breach of the License Agreement.

16 |      56.    As a result of Defendants breach of the License Agreement, Plaintiff has sustained

17 | damages believed to be in excess of TWO HUNDRED AND FIFTY THOUSAND DOLLARS

18 | ($250,000.00).

19 | **PRAYER FOR RELIEF**

20 | **WHEREFORE**, Plaintiff prays for judgment as follows:

21 |      1.    That the Defendants, and each of them, be temporarily, preliminarily and permanently

22 | enjoined from:

23 |      (a)    distributing Fox Volant of the Snowy Mountain or Justice Bao on NTDTV's

24 | stations;

25 |      (b)    In any manner infringing, contributing to infringement, or participating in the

26 | infringement by others, of any of the copyrights in Fox Volant of the Snowy Mountain or Justice Bao;

27 |      (c)    Offering to do any of the acts enjoined in subparagraphs (a) through (b) above.

28 |      (d)    Assisting, aiding, or abetting any other person or business entity in engaging in

1  or performing any of the activities referred to in the above paragraphs (a) though (c).

2          (e)      infringing the trademarks of Plaintiff in any manner, and from causing,
3  contributing to or participating in, the authorized duplication or distribution to the public by sale or
4  other transfer of ownership, or by rental, lease or lending of unauthorized reproductions of Plaintiff's
5  copyrighted works and plaintiff's trademarks; and

6          2.      That the Defendants, and each of them, be required to deliver upon oath, to be
7  impounded during the pendency of this action, all videocassettes, video compact discs, digital compact
8  discs, digital copies and other copies held for delivery or under their control, under whatever name of
9  the subject as may have been affixed thereto, as are herein alleged to infringe or to have been used to
10 infringe any of the copyrights aforesaid or which bear Plaintiff's trademarks or trade name, and any
11 labels, cartridges, security deals, templates, masters, boxes, signs, plates and molds or any other
12 material bearing any of plaintiff's motion pictures, trademarks, trade names for use, or intended use,
13 with counterfeit or piratical copies;

14         3.      That Defendants, and each of them, be required to pay to Plaintiff actual damages
15 according to proof, or, alternatively, statutory damages of up to THIRTY THOUSAND DOLLARS
16 ($30,000.00) for each infringement of copyright. If the Court finds that any infringement was
17 committed willfully, Plaintiff prays for statutory damages up to ONE HUNDRED AND FIFTY
18 THOUSAND DOLLARS ($150,000.00) for each willful infringement of any and each of the REGAL
19 COPYRIGHTED PROGRAMS;

20         4.      That Defendants, and each of them, be required to pay to Plaintiff actual damages
21 according to proof or, alternatively, statutory damages in the amount of ONE HUNDRED
22 THOUSAND ($100,000.00) for each counterfeit mark

23         5.      That Defendants, and each of them, be required to pay to Plaintiff statutory damages in
24 the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) arising from Defendants'
25 trademark infringement, false designation of origin and unfair competition, such damages to be trebled
26 in view of Defendants' intentional acts in using Plaintiff's trademarks, trade name or labeling and/or
27 selling counterfeit copies of Plaintiff's Exclusive Copyrighted Programs with the express or implicit
28 representation that Defendants' products emanate from or are associated with Plaintiff.

6.      That Defendants pay Plaintiff damages, including but not limited to all gain, profit or advantage derived by Defendants, and each of them, for their unlawful trademark infringement activities described herein, in an amount believed to be in excess of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), the full amount to be determined at trial.

7.      For damages for sake of example by way of punishing Defendants in such amount as the Court may deem just and proper.

8.      That Plaintiff recover attorneys' fees and costs of suit incurred herein; and

9.      That Plaintiff has such other and further relief as this Court deems just and proper.

Dated: May 9, 2012                          LAW OFFICES OF MASON M. TSE, ESQ.

Mason M. Tse, Esq.
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demand a trial by jury in the above matter.

Dated: May 9, 2012                          LAW OFFICES OF MASON M. TSE, ESQ.

Mason M. Tse, Esq.
Attorneys for Plaintiff

EXHIBIT A

1. Fox Volant of the Snowy Mountain – PA 1-373-851

2. Justice Bao – Registration Pending

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES – COPYRIGHT INFRINGEMENT, INDUCEMENT OF COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT